UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DUPREE L. MEADOWS,<br><br>     Plaintiff,<br><br> v.<br><br>E. BREAKIE; DETECTIVE ALAN WINSTEAD; REBECCA PEREZ; KHQ CHANNEL 6 NEWS; LORI RAWSON; JEREMY COWLES; JOHN DOE; and JOHN AND JANE DOES 1–10,<br><br>     Defendants. | Case No. 3:21-cv-00455-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Dupree L. Meadows's Complaint as a result of Plaintiff's status as an inmate and in forma pauperis request. The Court now reviews the Complaint to determine whether it should be summarily dismissed in whole or in part under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order dismissing the Complaint and directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

1.      **Pleading Standards and Screening Requirement**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under modern pleading standards, Rule 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted).

If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted). Bare allegations that amount to a mere restatement of the elements of a cause of action, without adequate factual support, are not enough.

The Prison Litigation Reform Act ("PLRA")[1] requires that the Court review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, as well as complaints filed in forma pauperis, to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that do not have adequate factual support or are frivolous or malicious. 28 U.S.C. §§ 1915(e)(2) & 1915A.

The Court also must dismiss claims that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. *Id*. These last two categories—together with claims that fall outside a federal court's narrow grant of jurisdiction—encompass those claims that might, or might not, have factual support but nevertheless are barred by a well-established legal rule.

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on*

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

*other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)

(stating that Rule 12(b)(6) authority to dismiss claims was expanded by the PLRA,

giving courts power to dismiss deficient claims, sua sponte, before or after

opportunity to amend).

### 2.    Factual Allegations

Plaintiff is a prisoner in the custody of the Idaho Department of Correction

("IDOC"), currently incarcerated at the Idaho Correctional Institution in Orofino.

Plaintiff alleges that, in 2018, while he was on parole, Defendant E. Breakie, a

Kootenai County police officer, coerced a third person to falsely accuse Plaintiff of

assault. This officer allegedly conspired with another officer and the prosecuting

attorney to file a "false charge of attempted strangulation" against Plaintiff.

*Compl*., Dkt. 3, at 3. Plaintiff claims that the officers and prosecutor also conspired

to obtain a bench warrant without probable cause and that the news and social

media reports on these events violated Plaintiff's civil rights by defaming him. *Id*.

at 3–5.

Based on the assault charge, Plaintiff's parole officer, Defendant Rawson,

filed a report of violation and instituted parole revocation proceedings. Although

the assault charge was later dismissed, Defendant Cowles, the hearing officer,

nonetheless revoked Plaintiff's parole based on the same alleged incident. *Id*. at 4,

7. Plaintiff also alleges that the Defendant parole officers were biased against him based on his race and that he has been a "victim of systemic racism." *Id*. at 8.

After Plaintiff's parole was revoked and he was sent back to prison, he contracted COVID-19. *Id*. at 7, 9.

Plaintiff brings his claims under 42 U.S.C. § 1983, the federal civil rights statute. *Id*. at 1. He seeks monetary damages. *Id*. at 10.

## 3.   Discussion

Plaintiff has not alleged sufficient facts to proceed with the Complaint. The Court will, however, grant Plaintiff 60 days to amend the Complaint. Any amended complaint should take into consideration the following.

To state a plausible civil rights claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person *acting under color of state law*. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Section 1983 does not provide a remedy for purely private conduct, "no matter how unfair that conduct may be." *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988). A private party can be subject to suit under § 1983 for violating a plaintiff's civil rights only in narrow circumstances—"state action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior

may be fairly treated as that of the State itself."[2] *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (internal quotation marks omitted).

To be liable under § 1983, a state actor "must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

Governmental officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does

---

[2] The Supreme Court has identified several contexts in which a private party can be considered a state actor for purposes of a civil rights action. *Brentwood*, 531 U.S. at 296. These include the following situations: (1) the private party's action results from the state's "exercise of coercive power" or "significant encouragement"; (2) the private party participates in "joint activity" with the state; (3) the private party is "controlled by an agency of the State"; (4) the private party "has been delegated a public function by the State"; and (5) the private party is "entwined with governmental policies," or "the government is entwined in [the private party's] management or control." *Id.* (internal quotation marks omitted).

not allow for recovery against an employer or principal simply because an

employee or agent committed misconduct.

However, "[a] defendant may be held liable as a supervisor under § 1983 'if

there exists ... a sufficient causal connection between the supervisor's wrongful

conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th

Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A

plaintiff can establish this causal connection by alleging that a defendant (1) set in

motion a series of acts by others that violated the Constitution, or knowingly

refused to terminate a series of such acts, which the supervisor "knew or

reasonably should have known would cause others to inflict a constitutional

injury"; (2) knowingly failed to act or acted improperly "in the training,

supervision, or control of his subordinates"; (3) acquiesced in the constitutional

deprivation; or (4) engaged in "conduct that showed a reckless or callous

indifference to the rights of others." *Id*. at 1205–09 (internal quotation marks

omitted).

A plaintiff cannot simply restate these standards of law in a complaint.

Instead, a plaintiff must provide specific facts supporting the elements of each

claim and must allege facts showing a causal link between each defendant and

Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not

enough. *Iqbal*, 556 U.S. at 679.

### A.      *Some of Plaintiff's Claims Appear Untimely*

Plaintiff filed this action in November 2021. However, he complains of actions occurring as far back as October 2018, meaning that some of his claims may be barred by the statute of limitations.

The statute of limitation period for filing a § 1983 action in Idaho is two years. Idaho Code § 5-219; *Wilson v. Garcia*, 471 U.S. 261, 280 (1985), *abrogated on other grounds by Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004). Although state law governs the limitations period for filing a § 1983 claim, federal law governs when that claim accrues, or arises. *Elliott v. City of Union City*, 25 F.3d 800, 801-02 (9th Cir. 1994). Under the "discovery rule," a claim accrues "when the plaintiff knows or has reason to know of the injury" that is the basis of the claim. *Lukovsky v. City & Cty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (internal quotation marks omitted). That is, the statute of limitations begins to run when the plaintiff becomes aware of the actual injury—not "when the plaintiff suspects a legal wrong." *Id*.

If a plaintiff cannot show that his claim accrued during the statute of limitations period, he still may file a lawsuit beyond the limitations deadline if he can show that the statute should have been tolled (or paused) for a certain period of time during the deadline period within which he should have filed the lawsuit. State tolling law applies to § 1983 actions unless important federal policy will be

undermined. *See Johnson v. Railway Express Agency, Inc*., 421 U.S. 454, 464-65 (1975); *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008).

Idaho law allows for statutory tolling of the statute of limitations for a person's juvenile status or insanity. Idaho Code § 5-230. However, because the Idaho Supreme Court has determined that "[s]tatutes of limitation in Idaho are not tolled by judicial construction but rather by the expressed language of the statute," equitable tolling is not available in Idaho. *Wilhelm v. Frampton*, 158 P.3d 310, 312 (Idaho 2007).

The doctrine of equitable *estoppel*, however, is available in Idaho. While it "does not 'extend' a statute of limitation," equitable estoppel works in a similar manner to prevent a party who has falsely represented or concealed a material fact with actual or constructive knowledge of the truth "from pleading and utilizing the statute of limitations as a bar, although the time limit of the statute may have already run." *J.R. Simplot Co., v. Chemetics International, Inc*., 887 P.2d 1039, 1041 (Idaho 1994). Equitable estoppel requires a showing of four elements: "(1) a false representation or concealment of a material fact with actual or constructive knowledge of the truth; (2) that the party asserting estoppel did not know or could not discover the truth; (3) that the false representation or concealment was made with the intent that it be relied upon; and (4) that the person to whom the

representation was made, or from whom the facts were concealed, relied and acted upon the representation or concealment to his prejudice." *Id.*

It appears any claims that arose more than two years before the filing of the initial Complaint in this action are time-barred. If Plaintiff includes any such claims in an amended complaint, he must explain why he believes those claims are not subject to dismissal as untimely.

### B.   *Some of Plaintiff's Claims May Be Barred by* **Heck v. Humphrey** *or by the Doctrine of Prosecutorial Immunity*

Plaintiff asserts that certain civil rights violations described in the Complaint resulted in the revocation of his parole. However, any such claims are likely barred by the doctrine announced in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that a civil rights claim "is not cognizable under § 1983" if the plaintiff's success would "render a conviction or sentence invalid." *Id.* at 486–87. Thus, if a favorable verdict in a civil rights action "would necessarily imply the invalidity" of the plaintiff's conviction, the plaintiff must first show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 487. As the Supreme Court later clarified, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit

(state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

*Heck* applies to claims of improper parole or probation revocations. *See id*. at 82 (holding that an inmate may initiate a § 1983 action to seek invalidation of "state procedures used to deny parole eligibility … and parole suitability," but he may not seek "an injunction ordering his immediate or speedier release into the community."); *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) (holding that a § 1983 claim was noncognizable because a "judgment in favor of [plaintiff] on his illegal seizure claim would necessarily imply the invalidity of the revocation of his probation and parole").

In addition, Plaintiff's claims against the prosecuting attorney are likely barred based on prosecutorial immunity. Prosecutors are absolutely immune from liability for any action taken in the performance of an integral part of the criminal judicial process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Such actions include initiating and pursuing a criminal prosecution, *id.* at 410, preparing and filing charging documents, *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997), participating in hearings, and "making false or defamatory statements in judicial proceedings," *Burns v. Reed*, 500 U.S. 478, 490 (1991).

Prosecutors are not absolutely immune if they conduct their own investigations, if they fabricate evidence, or if they elicit known false evidence for use in a prosecution. *See Milstein v. Cooley*, 257 F.3d 1004, 1011 (9th Cir. 2001). Absolute prosecutorial immunity does extend, however, to "the knowing use of false testimony at trial, the suppression of exculpatory evidence, and malicious prosecution." *Id.* at 1008; *see Broam v. Bogan*, 320 F.3d 1023, 1029-30 (9th Cir. 2003). If a prosecutor is not entitled to absolute immunity, the prosecutor may still be entitled to qualified immunity, which insulates governmental actors from liability for money damages other than "the plainly incompetent or those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 229 (1991) (internal quotation marks omitted).

If Plaintiff files an amended complaint, he should omit claims that are barred by prosecutorial immunity or by *Heck v. Humphrey*.

### C.    The Complaint Fails to State a Plausible Civil Rights Claim

Even if Plaintiff's claims are timely and are not barred by *Heck* or by prosecutorial immunity, the claims are still implausible.

#### i.    Claims against Defendant KHQ Channel 6 News

Plaintiff brings § 1983 claims against Defendant KHQ Channel News, alleging that the media organization defamed him by improperly attaching a "random video" to a news story about Plaintiff's arrest. *Compl.* at 6. However,

INITIAL REVIEW ORDER BY SCREENING JUDGE - 12

KHQ Channel news is not a state actor. Further, even if this Defendant were a state actor, the Complaint still would fail to state a claim for relief because defamation does not give rise to civil rights liability under § 1983. *See Hollister v. Tuttle*, 210 F.3d 1033, 1036 (9th Cir. 2000); *Williams v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976). Therefore, Plaintiff's § 1983 claims against this Defendant are implausible. *See Tarkanian*, 488 U.S. at 191.

   ii.   <u>Claims against State Actor Defendants</u>

     a)  *Due Process and Double Jeopardy Claims*

   The Due Process Clause of the Fourteenth Amendment protects two distinct but related rights. The right to procedural due process prohibits the government from depriving an individual of a liberty or property interest without following the proper procedures for doing so. *See, e.g., Wolff v. McDonnell*, 418 U.S. 539, 558-66 (1974).

   The right to substantive due process protects individuals from being deprived of certain interests notwithstanding the procedures followed. *Blaylock v. Schwinden*, 862 F.2d 1352, 1354 (9th Cir. 1988). A substantive due process violation is one which "shocks the conscience." *Wood v. Ostrander*, 879 F.2d 583, 591 n.8 (9th Cir. 1989). It occurs in a situation in which "the government's action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." *Sinaloa Lake Owners Ass'n v. City of*

*Simi Valley*, 864 F.2d 1475, 1484 (9th Cir. 1989) (internal quotation marks omitted).

Plaintiff asserts that because his parole revocation was based on charges that were dismissed, that revocation violated the Due Process Clause. But Plaintiff's claims are more appropriately analyzed under the Double Jeopardy Clause of the Fifth Amendment. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) (stating that, where a particular constitutional amendment "provides an explicit textual source of constitutional protection" against a particular sort of government behavior, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims"). The Double Jeopardy Clause includes three basic protections: it protects a defendant from (1) "a second prosecution for the same offense after acquittal," (2) "a second prosecution for the same offense after conviction", and (3) "multiple punishments for the same offense." *Ohio v. Johnson*, 467 U.S. 493, 498 (1984).

Double jeopardy applies only to criminal prosecutions. Because parole revocation "is remedial rather than punitive" and uses a lower standard of proof than a criminal prosecution, double jeopardy is not violated when parole is revoked—even when that revocation is based on conduct of which the parolee was *acquitted* in a criminal trial. *Standlee v. Rhay*, 557 F.2d 1303, 1305–06 (9th Cir. 1977). Therefore, Plaintiff's claims of unconstitutional parole revocation—which

INITIAL REVIEW ORDER BY SCREENING JUDGE - 14

are based on dismissed criminal charges—are implausible. *See Dunn v. Cal. Dep't of Corr.*, 401 F.2d 340, 341–42 (9th Cir. 1968) (holding that no constitutional claim was raised by allegations that parole had been revoked on the basis of dismissed charge).

b)      *Equal Protection Claims*

Plaintiff claims that his parole was revoked based on his race. The Fourteenth Amendment guarantees equal protection of the law. Equal protection claims alleging disparate treatment or classifications are subject to a strict standard of scrutiny if they involve a "suspect" class, such as race. *Johnson v. California*, 543 U.S. 499, 507 (2005). "Under strict scrutiny, the government has the burden of proving that racial classifications are narrowly tailored measures that further compelling governmental interests." *Id*. at 505 (internal quotation marks omitted).

Plaintiff's claims of race-based parole revocation, as presently alleged, are implausible. Plaintiff asserts generally that he was the victim of systemic racism, but the Complaint contains no facts supporting a reasonable inference that Defendant Rawson, Defendant Cowles, or any other defendant made any of their parole decisions based on Plaintiff's race. Plaintiff may attempt to remedy this deficiency in an amended complaint.

iii.    <u>Eighth Amendment Claims</u>

Plaintiff also asserts claims under the Eighth Amendment, which protects prisoners against cruel and unusual punishment and guarantees prisoners the right to minimally adequate conditions of confinement. "[T]he Constitution does not mandate comfortable prisons, and prisons … which house persons convicted of serious crimes[] cannot be free of discomfort." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). However, though prison conditions may be restrictive—even harsh— without violating the Eighth Amendment, prison officials are required to provide prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety. *Id.* at 347; *Hoptowit v. Ray,* 682 F.2d 1237, 1246 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

To state a claim under the Eighth Amendment, a prisoner must show that he is (or was) "incarcerated under conditions posing a substantial risk of serious harm," or that they have been deprived of "the minimal civilized measure of life's necessities" as a result of the defendants' actions. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). An Eighth Amendment claim requires the plaintiff to satisfy both (1) an objective standard, "that the deprivation was serious enough to constitute cruel and unusual punishment," and (2) a subjective standard, that the defendant acted with "deliberate indifference." *Snow*

*v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc).

"[D]eliberate indifference entails something more than mere negligence, [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. To exhibit deliberate indifference, a defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. "If a [defendant] should have been aware of the risk, but was not, then the [defendant] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson v. Cty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002), *overruled on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016).

Plaintiff asserts that, after his parole was revoked, he contracted COVID-19 in prison. Plaintiff has not sued any prison official. Instead, Plaintiff's Eighth Amendment claims appear to be based on the mere fact that Plaintiff contracted the disease in prison—a place where he would not have been residing absent Defendants' decision to revoke Plaintiff's parole.

However, Plaintiff does not allege any facts about the conditions of confinement in the prison that led to his exposure to the coronavirus; therefore, he has failed to plausibly assert that he was subjected to an objectively serious risk of

contracting COVID-19. Moreover, the Complaint contains no suggestion that any Defendant could have reasonably foreseen any such dangerous conditions. Defendants had no way of knowing of conditions in any prison, let alone the conditions in whichever particular prison Plaintiff was eventually confined—which Defendants had no way of knowing.

Consequently, Plaintiff has failed to plausibly allege that any Defendant acted with deliberate indifference. He also has failed to plausibly allege that Defendants' decision to revoke Plaintiff's parole proximately caused Plaintiff to be infected with the coronavirus. *See Mendez v. Cty. of Los Angeles*, 897 F.3d 1067, 1076 (9th Cir. 2018) ("The proximate cause questions asks whether the unlawful conduct is closely enough tied to the injury that it makes sense to hold the defendant legally responsible for the injury," and "the touchstone of proximate cause in a § 1983 action is foreseeability.") (internal quotation marks omitted). For these reasons, the Complaint does not assert a plausible Eighth Amendment claim based on Plaintiff's contracting COVID-19 in prison.

## 4. Standards for Amended Complaint

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehler*, 499 U.S. 432 (1991). Plaintiff must also allege a

sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (internal quotation marks and alteration omitted)).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular federal constitutional provision (or state law provision) Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met—for example, Plaintiff must allege facts satisfying the elements of an equal protection or Eighth Amendment claim; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff

is seeking from each defendant. Plaintiff must also address each of the legal doctrines, identified above, that appear to bar his claims.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc*., 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Plaintiff must set forth each different factual allegation in a separate numbered paragraph. The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

If Plaintiff files an amended complaint, Plaintiff must also file a "Motion to Review the Amended Complaint." If Plaintiff does not amend within 60 days, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1.  The Complaint is DISMISSED without prejudice for failure to state a claim upon relief may be granted. Plaintiff has 60 days within which to file an amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint. Any amended complaint must be limited to 20 pages. *See* General Order 342, *In Re: Procedural Rules for Prisoner Civil Case Filings and for Prisoner E-Filing Program*, § A(1)(a).

2.  If Plaintiff does not amend within 60 days, judgment will be entered, and the case will be closed.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 21

3.      Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if Plaintiff no longer intends to pursue this case.[3]

4.      Plaintiff's request for appointment of counsel (contained in the Complaint) is DENIED without prejudice. Plaintiff may renew the request for counsel in an amended complaint.

DATED: February 3, 2022

B. Lynn Winmill
U.S. District Court Judge

---

[3] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, for maliciousness, or for failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).